# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **DAVID LAMAR FRANKLIN,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 4:10-CV-00455-RDP |
| } | |
| **MICHAEL J. ASTRUE,** } | |
| **COMMISSIONER OF** } | |
| **SOCIAL SECURITY,** } | |
| } | |
| Defendant. } | |

## MEMORANDUM OF DECISION

Plaintiff David Lamar Franklin ("Plaintiff") brings this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") wherein his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") were denied. *See* 42 U.S.C. §§ 405(g), 1383(c). Pursuant to the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

### I. Proceedings Below

This action arises from Plaintiff's Title II application for a period of disability and DIB, and his Title XVI application for SSI, both dated March 7, 2007. (Tr. 102-13). In both applications, Plaintiff alleges disability beginning November 1, 2004. (Tr. 102, 106). Plaintiff's applications were denied on July 12, 2007. (Tr. 63-71). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on July 26, 2007. (Tr. 74). On May 7, 2009, the ALJ conducted a video hearing from Birmingham, Alabama, with Plaintiff appearing in Gadsden,

Alabama. (Tr. 18-62, 75). During this hearing, Plaintiff moved to amend his alleged onset date of disability to March 7, 2007, and the ALJ granted his motion. (Tr. 26).

At the time of the hearing, Plaintiff was 52 years old and had completed an eighth-grade education. (Tr. 37). He had previously worked as the owner and manager of an adult book store and as an operator at a spinning mill. (Tr. 143-46). Plaintiff alleges limitations based upon chronic pain in his lower back, hips, and knees, as well as depression, anxiety, and memory loss. (Tr. 132).

Since March 2007, Plaintiff's treating physician has been Dr. Ronald E. Calhoun, Jr. (Tr. 252). Dr. Calhoun has treated Plaintiff for lower back pain, degenerative disc disease, and anxiety/depression. (Tr. 252-69). Dr. Calhoun also diagnosed Plaintiff with insomnia, hypertension, osteophye growths, and hypercholesterolemia. (Tr. 188-89). Records indicate that those conditions were controlled by treatment. (Tr. 261-69). Regarding Plaintiff's more persistent conditions, Dr. Calhoun gave his opinion in a letter dated February 18, 2009:

> Concerning [Plaintiff's] more debilitating condition, degenerative disc disease, I feel his prognosis is poor. This condition only gets worse with time and will require strong pain medication to treat his symptoms. As to his depression/anxiety he is stable at this time with the help of his current medications. Without the medications, his status would deteriorate quickly. Due to the chronic nature of his illness, he is unable to work in any capacity now and in the foreseeable future.

(Tr. 252). Plaintiff was also examined by Dr. V. Snehaprabha Reddy, a consultative physician, on May 9, 2007. (Tr. 191). Plaintiff presented with constant pain in his lower back, hips, and knees, as well as a history of hypertension. (Tr. 191-92). Dr. Reddy noted that Plaintiff was obese and had "probabl[e] degenerative disc disease." (Tr. 192).

Plaintiff underwent a psychological examination with Dr. Mary Arnold, a consultative psychologist, on May 14, 2007. (Tr. 196). Dr. Arnold identified Plaintiff's mood as "calm with congruent affect." (Tr. 197). She stated that Plaintiff was "alert and oriented in all spheres"—he

counted backward from 20, recited "serial 7s," repeated a span of six digits forward and five digits backward, and could name the months of the year both forward and backward in sequence. (*Id*.). Dr. Arnold estimated Plaintiff's range of intellectual functioning to be in the low average range. (Tr. 198). Plaintiff's WMS-3rd Edition scores yielded a borderline to low average range for immediate and delayed memory performance. (*Id*.). Dr. Arnold found that Plaintiff does self care, but leads a sedentary lifestyle; his wife maintains the household and his son the yard. (Tr. 199).

Dr. Robert Estock evaluated Plaintiff's medical evidence for the State Agency. (Tr. 214-31). Dr. Estock's opinion as to Plaintiff's degree of functional limitation in the "B" criteria of the Listings was in the mild to moderate range, and the Agency did not find evidence establishing the "C" criteria. (Tr. 224-25). Finally, in the State Agency's mental residual functional capacity ("RFC") assessment, Plaintiff scored in the "not significantly limited" range in most categories and "moderately limited" in understanding and memory, sustained concentration and persistence, and social interaction categories. (Tr. 228-29). Through his review of the evidence, Dr. Estock determined that an RFC assessment was necessary. (Tr. 214).

Dr. William A. Crunk, Jr., an impartial vocational expert ("VE"), appeared at Plaintiff's hearing and testified that Plaintiff's previous work as a spinner would be within his exertional limitations. (Tr. 59-61). In the ALJ's decision dated September 3, 2009, he determined that Plaintiff was capable of performing past relevant work and, therefore, concluded that Plaintiff was not disabled within the meaning of the Act. (Tr. 12-17). After the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3), that decision became the final determination of the Commissioner, and therefore a proper subject of this court's appellate review.

## II. ALJ Decision

Disability under the Act is determined under a five-step test. 20 C.F.R. § 404.1520(a). First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial work activity" is work activity that involves doing significant physical or mental activities, and "gainful work activity" is work that is usually done for pay or profit. 20 C.F.R. § 404.1572(a), (b). If the claimant engages in substantial gainful activity, then he is not disabled regardless of the severity of his impairments. Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that qualifies as "severe." 20 C.F.R. 404.1520(c). An impairment or combination of impairments qualifies as "severe" if it significantly limits an individual's ability to perform basic work activities. Third, the ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). If such criteria are met, the claimant is disabled.

If the claimant does not meet the requirements for disability under the third step, the ALJ must determine their RFC, which refers to their ability to do physical and mental work activities despite their impairments. 20 C.F.R. § 404.1520(e). In making this finding, the ALJ considers all of the claimant's impairments, not only those that are severe. The fourth step in the process determines whether the claimant has the RFC to perform the requirements of their past relevant work. 20 C.F.R. 404.1520(f). If so, the claimant is deemed not disabled; however, if they are unable to do any past relevant work or does not have any past relevant work, the analysis proceeds to the fifth and final step. At this step, the ALJ determines whether the claimant can do any other work in accordance with their RFC, age, education, and work experience. 20 C.F.R. §

404.1520(g). Here, the ALJ has the limited burden to show that other work exists in significant numbers in the national economy that the claimant can do, given their RFC and vocational factors. 20 C.F.R. § 404.1560(c). If the ALJ finds the claimant able to adjust to other work, they are not disabled. If the claimant is not able to do other work and meets the duration requirement, they are found to be disabled. 20 C.F.R. § 404.1520(g).

In the instant case, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since the onset of his alleged disability. (Tr. 13). The ALJ found that Plaintiff does have the severe impairments of anxiety/depression and morbid obesity, but that these conditions do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 4, Subpart P, Appendix 1. (*Id*.). After consideration of the record, the ALJ determined that Plaintiff retains the RFC to maintain concentration and persistence of performing simple tasks in an eight-hour workday. (Tr. 15). Based on the testimony of the VE, the ALJ found that Plaintiff was capable of performing past relevant work as a spinner, and thus concluded that he is not disabled as defined by the Act, and therefore not entitled to a period of benefits. (Tr. 16-17).

### III. Plaintiff's Argument for Reversal

Plaintiff presents two arguments for reversing the decision of the ALJ. First, Plaintiff contends that the ALJ misapplied the treating physician rule to the facts of this case. (Pl.'s Mem. 6). In Plaintiff's view, the ALJ placed too much weight on the opinions of the consulting physicians and did not properly defer to the testimony of Dr. Calhoun, Plaintiff's treating physician. (Pl.'s Mem. 7). Plaintiff argues that a proper application of the treating physician rule would reveal that Plaintiff could not perform medium work and thus could not return to past relevant work. (Pl.'s Mem. 8).

5

Second, Plaintiff contends that the ALJ did not identify all of the severe impairments that could contribute to his overall medical disability. (*Id.*). In addition to anxiety/depression and morbid obesity, Plaintiff argues that the ALJ should have considered his degenerative disc disease, mild pulmonary disease, hypertension, and dense atherosclerosis of the distal aorta. (Pl.'s Mem. 8-9). Therefore, Plaintiff argues for reversal so that all established severe medical impairments can be considered. (Pl.'s Mem. 9).

### IV. Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's

findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V. Discussion

**A.     The ALJ Properly Weighed the Treating Physician's Opinion.**

Plaintiff first argues that the ALJ did not properly apply the treating physician rule to the present case. (Pl.'s Mem. 6). Plaintiff contends that the ALJ committed reversible error by not relying on Dr. Calhoun's report that he would be unable to work. (Pl.'s Mem. 8). It is true that the opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2003) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). "Good cause" exists when a physician's opinion is conclusory or other evidence supports a "contrary finding," but the ALJ must clearly articulate his reasons for giving less weight to the opinion of a treating physician. *Lewis*, 125 F.3d at 1440. In general, the treating physician's opinion is entitled to more weight than the opinion of a non-treating physician. *See Ryan v. Heckler*, 762 F.2d 939, 942 (11th Cir. 1985).

Here the ALJ established "good cause" for discounting Dr. Calhoun's opinion. First, there was contrary medical evidence that supported the ALJ's finding of no disability. The ALJ noted the consultative examination of Plaintiff by Dr. Reddy, who reported that Plaintiff displayed no joint deformities or muscle wasting, no abnormal reflexes, and a slow but normal gait. (Tr. 191-94). In particular, the x-ray ordered by Dr. Reddy revealed only "minimal degenerative change in [Plaintiff's] spine," which the ALJ cited in support of his findings. (Tr. 205, 15-16).

In addition to Dr. Reddy's opinion, the ALJ afforded "significant weight" to Dr. Arnold's psychological examination of Plaintiff, which the ALJ noted was consistent with Dr. Calhoun's opinion that Plaintiff's mental condition was stable when medicated. (Tr. 16). Finally, the ALJ afforded "great weight" to the opinion of Dr. Estock, the State Agency examiner. (*Id*.). The ALJ found that Dr. Estock's opinion was consistent with the VE's testimony and the other objective medical findings showing that Plaintiff had the capacity to work according to his RFC. (*Id*.). The ALJ stated that Dr. Calhoun's opinion as to Plaintiff's capacity to work was not consistent with the objective medical evidence. (*Id*.).

Second, besides the ALJ's proper showing of good cause to discount Dr. Calhoun's opinion, a February 2009 letter from Dr. Calhoun was conclusory and does not provide objective medical support for his report. (Tr. 252). Dr. Calhoun's letter opines that "[d]ue to the chronic nature of [Plaintiff's] illness, he is unable to work in any capacity now and in the foreseeable future." (*Id*.). However, this opinion is not entitled to have controlling weight and was properly dismissed by the ALJ because an opinion of disability is reserved to the Commissioner and is not a "medical opinion." *See* 20 C.F.R. §§ 404.1527(e), 416.927(e); *Lanier v. Comm'r of Soc. Sec.*, 252 F. App'x 311, 314 (11th Cir. 2007).

In addition, the ALJ is permitted to weigh medical opinions based on the amount of medical findings that a physician provides to support his opinion. *See* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). Even though Dr. Calhoun identified medical conditions such as degenerative disc disease and anxiety/depression in his letter, the mere diagnosis of medical problems is insufficient to establish that (or why) Plaintiff would be unable to work. *See Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987). To have controlling or "great" weight, an opinion

must be well-supported by objective medical documentation. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Plaintiff has the burden to show that the ALJ improperly weighed the medical evidence. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Plaintiff has not pointed to any objective medical evidence supporting Dr. Calhoun's opinion of disability. Therefore, the court concludes the ALJ properly weighed all of the medical evidence, including the letter of Dr. Calhoun, in making his determination that Plaintiff was not disabled.

**B.     The ALJ Properly Identified Plaintiff's Severe Impairments.**

Plaintiff also argues that the ALJ erred in identifying his anxiety/depression and morbid obesity as his only severe impairment. (Pl.'s Mem. 8). Plaintiff contends that the ALJ should have also considered his degenerative disc disease, mild chronic obstructive pulmonary disease, hypertension, and dense atherosclerosis of the distal aorta. (Pl.'s Mem. 8-9). But Plaintiff has the burden to prove that he has a severe impairment. *See Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). Merely showing that an impairment exists without establishing its severity is not sufficient. *See* C.F.R. §§ 404.1512(c), 416.912(c).

Finally, the ALJ's determination of Plaintiff's severe impairments is supported by substantial evidence and is not reversible error. It is within the ALJ's purview to measure a claimant's impairments in terms of their effect on his ability to work. *See McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). Here, the ALJ properly explained the significance of Plaintiff's other conditions when formulating his RFC. (Tr. 13). The ALJ noted the various medical problems Plaintiff was diagnosed with aside from anxiety/depression and morbid obesity, but stated that the "most recent treatment records indicate that these conditions are well controlled by treatment." (*Id*.). The ALJ weighed the severity of Plaintiff's conditions according

to their effects on his ability to perform basic work activities. (*Id*.) The anxiety/depression and morbid obesity were the only impairments found to be severe enough to be more than "minimal persistent limitations" to Plaintiff's ability to work. (*Id*.).

Plaintiff has not met his burden of showing that the ALJ improperly weighed the medical evidence on record. Moreover, substantial evidence supports the ALJ's finding that Plaintiff suffered from two severe impairments, and that these impairments did not render Plaintiff disabled.

### VI. Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed, and a separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this ____13th____ day of September, 2011.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE